# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| **NOLAN LOVETT**, *et al.*, | : | Case No. | **1:08-CV-1253** |
| | : | | **1:09-CV-1131** |
| | : | | **1:09-CV-1132** |
| | : | | **1:09-CV-1133** |
| | : | | **1:09-CV-1134** |
| | : | | **1:09-CV-1135** |
| **Plaintiffs,** | : | | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** | |
| v. | : | | |
| **LEE LUCAS**, *et al.*, | : | <u>**MINUTE ORDER**</u> | |
| **Defendants.** | : | | |

A telephonic status conference was held in these matters on April 19, 2010 at 1:30 p.m. A court reporter was present and transcribed the proceeding. This Minute Order summarizes the Court's orders as set forth more fully on the record, and announces additional orders arising out of the discussion set forth on the record.

An attorney for each party was present and the parties updated the Court regarding the status of the cases. The following issues were discussed and, for the reasons set forth on the record, the Court **ORDERED** as follows:

### *Ex Parte Letter*

The Court informed the parties that, on April 9, 2010 it received an *ex parte* letter from defendant Lee Lucas. Upon recognizing that the letter was written by a party represented by an attorney but addressed directly to the Court, the Court's law clerk informed the Court of the letter's existence. Given that it was clearly an *ex parte* communication, the Court chose not to read or review the letter in any way and instructed the law clerk not to read or review it further, and to seal it in an envelope until the Court could disclose it's existence to all of the parties on the record at this status conference. At the status conference, the Court proposed the following procedure: (1) seal the letter such that no one, including the Court and its staff can review it; and (2) retain the letter under seal in chambers. Roll was called and there were no objections to the Court's proposed procedure. Accordingly, as explained on the record, the Court **ORDERED** that the *ex parte* letter from Lucas to the Court will remain under seal and in the possession of the Court, and will not be reviewed by the Court or any other party or entity during the course of these proceedings.

### *Service*

The parties confirmed that all Defendants have now been properly served and have answered the complaints.

### *Mediation*

The Court asked the parties whether mediation had been discussed or would be productive in these cases. The parties represented to the Court that mediation had not been discussed and would not be productive at this time.

### *Representation & the Westfall Act*

Defendant the United States stated that it represents individual defendants Cross and Verhily, and that it has recently determined that individual defendants Ansari and Lucas were acting within

the scope of their authority as federal law enforcement officers in connection with the allegations of the amended complaint. Accordingly, the United States indicated that it intends to move to substitute itself for the individual defendants pursuant to 28 U.S.C. § 2679(d) ("the Westfall Act"). Counsel for Plaintiffs indicated that Plaintiffs likely would not oppose substitution. The Court **ORDERED** that, within thirty (30) days of the date of this telephone status conference, the United States shall file any motions to substitute itself for an individual defendant(s) upon certification that the individual was acting within the scope of his duties as a federal employee. *See* 28 U.S.C. § 2679(d).

### *McNeil and Failure to Exhaust Administrative Remedies*

The United States represented that the Plaintiffs have exhausted their administrative remedies such that a lawsuit naming the United States as a defendant would now be appropriate under *McNeil v. United States*, 508 U.S. 106, 112-13 (1993). Accordingly, the Court hereby **ORDERS** that, within ten (10) days of the date the Court grants the United States' § 2679(d) motion(s) to substitute, the United States may, pursuant to *McNeil*, file a motion to dismiss the common law tort claims asserted against the individuals for which it has been substituted. Upon review of the United States' *McNeil* motions, and, if appropriate, the Court will dismiss these common law tort claims against the United States without prejudice to re-filing as a separate case to be marked as related to these cases.

### *Schedule Relating to Discovery and Motions*

After discussion of the various issues relevant to the case schedule going forward, the Court announced the following three-step procedure for establishing the governing schedule:

(1) <u>Protective Order</u>: Within ten (10) calendar days of the date of this telephone status conference, the parties will submit, jointly, a proposed protective order regarding the exhibits admitted into evidence in the criminal proceedings in *United States v. Lucas*, Case No. 08cr222 (Oliver, J.). If the parties cannot agree upon a proposed protective order, each party

3

shall submit its own proposed protective order within ten (10) calendar days of the date of this telephone conference.

(2) <u>Criminal Trial Document Production</u>: The United States will provide the Court with a brief identifying each of the individuals who testified in Case No. 08cr222 and an index of all of the documents admitted into evidence as exhibits in that case. Further, as soon as possible after the protective order is in place, the United States will call the Court's law clerk to update the Court regarding the time table and procedure for release of the exhibits from the criminal proceedings in Case No. 08cr222. The United States will describe the proposed procedure for providing this information to the Court and to all of the parties in these civil cases pursuant to the terms of the protective order.

(3) <u>Rule 56(f) Motion:</u> The Court will then establish a deadline by which the Plaintiffs must file their motion for discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

*s/Kathleen M. O'Malley*
**KATHLEEN MCDONALD O'MALLEY**
**Dated: April 29, 2010**     **UNITED STATES DISTRICT JUDGE**